UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN ZAKER,

      **REPORT AND RECOMMENDATION**
      **No. 04-CV-00886 (RJA) (VEB)**

     Petitioner,

  -vs-

DALE ARTUS, SUPERINTENDENT
     Respondent.

_____

## I.  Introduction

   On May 27, 2004, John Zaker ("Zaker" or "petitioner") filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Genesee County Court

on one count of Rape in the First Degree, one count of Sodomy in the First Degree, and one

count of Sexual Abuse in the First Degree. *See* Docket No. 1 Pursuant to 28 U.S.C. § 636(b), this

matter was referred to the undersigned for the issuance of a Report and Recommendation on the

disposition of Zaker's petition. *See* Docket No. 21.

## II.  Petitioner's Death Has Rendered the Petition Moot

   On April 27, 2007, the Court was notified by the New York State Department of

Corrections ("DOCS") that the petitioner had died.  The official notification of petitioner's death

came in the form of an official death certificate certified by DOCS.

   Through his habeas petition, Zaker seeks release from state custody on the basis that his

conviction was obtained unconstitutionally. Because petitioner's death means that there is no

relief that this Court can grant to him, *see*, *e.g.*, *Calderon v. Moore*, 518 U.S. 149, 150 (1996)

(citation omitted), his petition for a writ of habeas corpus has been rendered moot. *Accord*, *e.g.*, *Garceau v. Woodard*, 399 F.3d 1101, 1101 (9th Cir. 2005) (dismissing 28 U.S.C. § 2254 habeas petition as moot where petitioner died while in custody); *Griffey v. Lindsey*, 349 F.3d 1157. 1157 (9th Cir. 2003) (dismissing 28 U.S.C. § 2254 habeas petition as moot where petitioner died while in custody); *Rivera v. Pearlman*, No. 02 Civ. 2399(LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar. 16, 2004) (dismissing habeas petition brought under 28 U.S.C. § 2241(c) where petitioner died after he filed the petition; petition was mooted since there was no relief that could be granted to him). Accordingly,  Zaker's petition for a writ of habeas corpus should be dismissed as moot.

## IV.     Conclusion

For the reasons set forth above, the Court recommends that the petition for a writ of habeas corpus filed by petitioner John Zaker be **DISMISSED** as moot on the basis that petitioner is deceased.

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: April 30, 2007
         Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1ˢᵗ Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to

the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  Rochester, New York
        April 30 , 2007.